**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HANSEL AGUILAR, | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:21-cv-00431-TNM |
| DISTRICT OF COLUMBIA, | |
| *Defendant*. | |

## DEFENDANT DISTRICT OF COLUMBIA'S
## CONSENT MOTION TO STAY PROCEEDINGS

With Plaintiff's consent, Defendant District of Columbia (the District) respectfully moves this Court to stay proceedings in this case pending resolution of the underlying administrative appeal.  Plaintiff Hansel Aguilar appealed the merits of his termination—a central issue in this litigation—to the Office of Employee Appeals (OEA).  OEA issued an initial decision reversing Plaintiff's termination, ordering his reinstatement, and awarding all back pay and benefits. Plaintiff's former employer, the District of Columbia Office of Police Complaints (OPC), appealed OEA's initial decision to the Superior Court, Case No. 2020 CA 004294 P.  On June 24, 2021, Judge Shana Frost Matini remanded the action back to OEA for further proceedings. Because the outcome of the underlying administrative appeal is likely to bear on the Parties' respective positions in this action, a stay is in the interest of judicial economy and will preserve both the parties' and judicial resources.

A memorandum of points and authorities and proposed order are attached for the Court's consideration.

Date:  June 25, 2021                    Respectfully submitted,

                                        KARL A. RACINE
                                        Attorney General for the District of Columbia

                                        CHAD COPELAND
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        */s/ Alicia M. Cullen*
                                        ALICIA M. CULLEN [1015227]
                                        Chief, Civil Litigation Division, Section III

                                        */s/ Katrina Seeman*
                                        MATTHEW R. BLECHER [1012957]
                                        KATRINA SEEMAN [1671729]
                                        Assistant Attorneys General
                                        Civil Litigation Division
                                        400 6th Street, NW
                                        Washington, D.C. 20001
                                        Phone:  (202) 724-6607
                                        Fax:  (202) 724-5917
                                        Email:  katrina.seeman@dc.gov

                                        *Counsel for Defendant District of Columbia*


## LCvR 7(M) CERTIFICIATION

I certify that on June 22, 2021, I emailed Plaintiff's counsel who represented that Plaintiff

consents to the relief requested herein.

                                        */s/ Katrina Seeman*
                                        KATRINA SEEMAN
                                        Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| HANSEL AGUILAR, |
| *Plaintiff*, |
| v. |
| DISTRICT OF COLUMBIA, |
| *Defendant*. |

Civil Action No. 1:21-cv-00431-TNM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S CONSENT MOTION TO STAY PROCEEDINGS**

Defendant District of Columbia (the District) submits this memorandum of points and authorities in support of its motion to stay proceedings in this case, including its upcoming responsive pleading deadline on June 28, 2021, pending final decision in Plaintiff's underlying administrative appeal. As explained below, a stay is in the interest of judicial economy and will benefit the Parties.

**BACKGROUND**

Plaintiff is a former employee of the Office of Police Complaints (OPC). Compl. ¶¶ 1, 8. Plaintiff alleges that, during his employment, OPC discriminated and retaliated against him for taking leave in violation of the Family and Medical Leave Act (FMLA). *See* Compl.; 29 U.S.C. § 2601, *et seq.* Specifically, Plaintiff alleges that he requested and was approved for FMLA leave to care for his ailing mother in February 2018, October 2018, and December 2018. *Id.* ¶¶ 15, 27-29, 52. And he contends that OPC took adverse actions and/or retaliated against him by, among other things, selecting a different employee for a promotion in December 2018,

1

suspending him for three days in March 2019, and terminating his employment on March 15, 2019. *Id.* ¶ 53.

Plaintiff appealed his termination to the District of Columbia Office of Employee Appeals (OEA). In August 2020, OEA issued an initial decision reversing Plaintiff's termination, ordering his reinstatement, and awarding all back pay and benefits. OPC— Plaintiff's former employer—appealed OEA's initial decision to the Superior Court of the District of Columbia under the caption *District of Columbia Office of Police Complaints v. District of Columbia Office of Employee Appeals and Hansel Aguilar*, Case No. 2020 CA 004294 P. On June 24, 2021, Judge Shana Frost Matini issued an order remanding the case back to OEA for further proceedings on three administrative charges against Plaintiff. *See* Dkt. Case No. 2020 CA 004294 P; June 24, 2021 Order.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 255. This discretionary power permits a court to "hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937). The party seeking the stay bears the burden "of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## ARGUMENT

Plaintiff brought the instant lawsuit under the Family and Medical Leave Act (FMLA). *See generally* Compl. The FMLA affords relief only for actual damages. 29 U.S.C. § 2617(a).

A FMLA violation prejudices an employee only when the "employee loses compensation or benefits by reason of the violation, sustains other monetary losses as a direct result of the violation, or suffers some loss in employment status remediable through appropriate equitable relief." *Roseboro v. Billington*, 606 F. Supp. 2d 104, 108 (D.C. 2009) (internal citation omitted); *see also* 29 U.S.C. § 2617(a)(1)(A). Prevailing plaintiffs are also awarded reasonable attorney's fees, reasonable expert witness fees, and other costs of the action to be paid by the defendant. 29 U.S.C. § 2617(a)(3). Employers may also cure an adverse employment action. *See Taylor v. Small*, 350 F.3d 1286, 1293-94 (D.C. Cir. 2003). And plaintiffs cannot receive double recovery for compensatory damages. *See, e.g., Medina v. District of Columbia*, 643 F.3d 323 (D.C. Cir. 2011).

The outcome of the underlying administrative appeal will directly impact these proceedings. The appeal and remand of the OEA decision will determine whether Plaintiff is reinstated and receives other corresponding compensatory relief, which would eliminate any need to relitigate those matters in this Court. Additionally, issues conclusively decided on appeal by the Superior Court may be entitled to preclusive effect, narrowing the issues for determination in this action. Thus, staying proceedings is likely to preserve the Court's and the Parties' time and resources—recognized grounds for issuing stays. *Landis*, 299 U.S. at 254 (stay may be granted for the "economy of time and effort for [the Court], for counsel and for litigants"). A stay here will also reduce attorney's fees associated with potentially litigating an issue twice, in a case where fee-shifting applies if Plaintiff prevails. Finally, Plaintiff consents to this Motion and will benefit from the stay requested, so neither party will suffer any hardship or prejudice.

Although the Parties cannot accurately predict when OEA will issue its decision on Plaintiff's underlying administrative appeal, they reasonably anticipate that the stay would not be

in effect for more than six months.  The parties have agreed to submit joint status reports every 30 days beginning August 23, 2021, to inform the Court of any update in the administrative proceedings and advise whether the stay should be lifted.

## CONCLUSION

For these reasons, the District respectfully requests that the Court grant this Motion.

Date:  June 25, 2021

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Katrina Seeman*
MATTHEW R. BLECHER [1012957]
KATRINA SEEMAN [1671729]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone:  (202) 724-6607
Fax:  (202) 724-5917
Email:  katrina.seeman@dc.gov

*Counsel for Defendant District of Columbia*

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| HANSEL AGUILAR, |
| *Plaintiff*, |
| v. |
| DISTRICT OF COLUMBIA, |
| *Defendant*. |

Civil Action No. 1:21-cv-00431-TNM

## <u>ORDER</u>

Upon consideration of Defendant District of Columbia's Consent Motion to Stay

Proceedings, and for good cause shown, it is this ___day of _____, 2021, hereby

**ORDERED** that the District's Motion is **GRANTED**; and it is further

**ORDERED** that this matter is **STAYED** until further order of the Court; and it is further

**ORDERED** that the Parties shall submit joint status reports to the Court every thirty-

days, beginning August 23, 2021, until the stay is lifted.

**SO ORDERED.**

_____
TREVOR N. MCFADDEN
United States District Judge